# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2020

Lyle W. Cayce
Clerk

No. 19-11052

Pat Dee Leatherman,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of
Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-86

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.

Per Curiam:*

Pat Dee Leatherman, Texas prisoner # 01129162, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging his guilty-plea conviction of murder. He contends that the district court erred by dismissing as time barred, and without

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conducting discovery or holding an evidentiary hearing, his claims that (1) his trial counsel rendered ineffective assistance by failing to investigate and subpoena favorable witnesses, (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding a recording of an exonerative phone call, (3) he is actually innocent, and (4) the State violated his due process rights by using as evidence against him an audio recording of a 911 call in which he confessed, while intoxicated, to the murder.

A COA may be issued only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court has denied a request for habeas relief on procedural grounds, the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Leatherman fails to make the necessary showing. When an applicant's "constitutional claims fail" to make the necessary showing for a COA, "we do not address the merits of [the] request for an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).

Accordingly, Leatherman's motions for a COA, appointment of counsel, to compel the production of both test results and withheld evidence, and for release pending appeal are DENIED.